IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KAREN ASH,

   Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

   Defendant.

No. 3:13CV00110-JJV

**MEMORANDUM AND ORDER**

  Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits (DIB) and supplemental security income (SSI). The Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 8-21.) The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.)

  This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

  In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however,

1

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

In support of her Complaint, Plaintiff argues that the ALJ erred by concluding her mental impairment did not meet or equal a Listing. (Pl.'s Br. 13-18.) The Court has reviewed the medical evidence and the Psychiatric Review Technique Form.[1] (Tr. 176-181, 216-229, 230-233.) While Plaintiff clearly suffers from some mental limitations, substantial evidence in the record as a whole supports the ALJ's conclusion that Plaintiff's impairments did not meet or equal all the requirements of a Listing.

Plaintiff argues she met Listing 12.04, 12.05, 12.06; however, the ALJ only considered Listings 12.04 and 12.05. (Tr. 13-15.) A claimant is presumed disabled due to an affective disorder if she establishes the following:

> 12.04 *Affective Disorders:* Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> A. Medically documented persistence, either continuous or intermittent, of one of the following:

---

[1] In addition to the five-step sequential evaluation process, there is a sequential process for evaluation of mental impairments set out in 20 C.F.R. § 404.1520a. The steps of this process are documented by the completion of a standard form, the Psychiatric Review Technique Form. 20 C.F.R. § 404.1520a (d).

1.  Depressive syndrome characterized by at least four of the following:

    a.  Anhedonia or pervasive loss of interest in almost all activities; or

    b.  Appetite disturbance with change in weight; or

    c.  Sleep disturbance; or

    d.  Psychomotor agitation or retardation; or

    e.  Decreased energy; or

    f.  Feelings of guilt or worthlessness; or

    g.  Difficulty concentrating or thinking; or

    h.  Thoughts of suicide; or

    i.  Hallucinations, delusions, or paranoid thinking; or

2.  Manic syndrome characterized by at least three of the following:

    a.  Hyperactivity; or

    b.  Pressure of speech; or

    c.  Flight of ideas; or

    d.  Inflated self-esteem; or

    e.  Decreased need for sleep; or

    f.  Easy distractibility; or

    g.  Involvement in activities that have a high probability of painful consequences which are not recognized; or

    h.  Hallucinations, delusions or paranoid thinking; or

3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

AND

    B. Resulting in at least two of the following:

        1. Marked restriction of activities of daily living; or

        2. Marked difficulties in maintaining social functioning; or

        3. Marked difficulties in maintaining concentration, persistence, or pace; or

        4. Repeated episodes of decompensation, each of extended duration;

OR

C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

    1. Repeated episodes of decompensation, each of extended duration; or

    2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

    3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpart P, App. 1.

A claimant is disabled under Listing 12.05C if she establishes the following:

    12.05 *Intellectual disability:* intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;

OR

B. A valid verbal, performance, or full scale IQ of 59 or less;

4

OR

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

OR

D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:

    1. Marked restriction of activities of daily living; or

    2. Marked difficulties in maintaining social functioning; or

    3. Marked difficulties in maintaining concentration, persistence, or pace; or

    4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

    A claimant is considered disabled due to an anxiety related disorder if she establishes:

    12.06 *Anxiety Related Disorders:*

In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.

A. Medically documented findings of at least one of the following:

1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:

    a. Motor tension; or

    b. Autonomic hyperactivity; or

    c. Apprehensive expectation; or

    d. Vigilance and scanning; or

    2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or

    3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or

    4. Recurrent obsessions or compulsions which are a source of marked distress; or

    5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;

    AND

    B. Resulting in at least two of the following:

        1. Marked restriction of activities of daily living; or

        2. Marked difficulties in maintaining social functioning; or

        3. Marked difficulties in maintaining concentration, persistence, or pace; or

        4. Repeated episodes of decompensation, each of extended duration.

    OR

    C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. Pt. 404, Subpart P, App. 1.

    A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that her impairment matches a listing, that impairment must meet all of the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

With regard to 12.04, the ALJ concluded Plaintiff did not meet the paragraph "C" criteria because "there is no evidence of a medically documented history of chronic affective disorder of at least 2 years duration that has caused more than a minimal limitation of the ability to do basic work activities," with one of the three limitations outlined in the listing. (Tr. 14.)  The medical evidence is rather limited in this case and clearly fails to show she meets the requirements of 12.04.

For 12.05, the ALJ considered the "A", "B," and "C" criteria of the listings. *Id.*  He concluded Plaintiff failed to meet any of the criteria.  The ALJ largely considered her abilities, despite her mental limitations. (Tr. 14-15.)  The ALJ's conclusions are supported by the evidence.  Although Plaintiff undoubtedly suffers from some physical and mental limitations, substantial evidence supports the ALJ's determination that she was still capable of performing work-related activities.  The ALJ properly focused on Plaintiff's ability to function despite her impairment, rather than focusing on her diagnosis.  A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).  Proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).

Plaintiff had the burden of showing her mental impairments resulted in a marked restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; or repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behavior).  Plaintiff has not met this burden.

Dennis Vowell, II, Psy.D., completed a consultative Mental Diagnostic Evaluation and

Intellectual Assessment. (Tr. 176-181.) Although he indicated Plaintiff does have some limitations, these limitations were accounted for when the ALJ concluded Plaintiff could perform a reduced range of light work. (Tr. 15.) And with the help of a vocational expert, (Tr. 41-47), the ALJ rightly concluded Plaintiff could perform work despite her limitations.

Plaintiff has advanced other arguments which the Court finds are without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 2nd day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE